## LONG v. RHAWN.

When a note is taken after its maturity, it is taken subject to the equities existing between the original parties arising out of or connected with the note itself, such as its accommodation character, but not to a set off.

**Error to the District Court of Philadelphia.**

Opinion delivered February 9, 1874, by

MERCUR, J. It is admitted that the note passed into the hands of the plaintiff below after its maturity. It was then, in the eye of the law, dishonored paper. It is true, the endorsee did not take it subject to set-off, but he did take it subject to the equities arising out of, or connected with the note itself. Hughes v. Large, 2 Barr 103 ; Downey v. Sharp, 13 P. F. Smith 322.

The evidence showed that the payee was largely indebted to the makers of the note ; that he had collected money for their use ; that he was to pay the same over to Long, one of the makers ; that when Long and Grant met at the office of the latter, Long spoke of the unsettled balance between them, and asked Grant if he could not let him have some of it: one thousand dollars. That then Grant gave Long a check for money, and Long gave Grant the note in question. It is claimed by the defendants below that for the purpose of paying them one thousand dollars, Grant suggested that their note for that amount should be drawn payable to him ; and that he would endorse it and have it discounted at bank, and thus obtain for them the money ; and he would take it up at maturity. That thereupon Long gave the note in question, and Grant gave him the check for the same amount; that when the note matured it was taken up by Grant according to his agreement.

The learned judge below deemed the evidence insufficient to submit to the jury, and directed their verdict to be rendered in favor of the plaintiff below. In this, we think, he erred. The facts proved, wholly unexplained by the plaintiff below, were sufficient to have been submitted to the jury to find whether the note was not given for the accommodation of Grant. It was given at an interview in which he admitted his indebtedness to the makers, and when he was asked for a payment of the sum for which the note was given. Thereupon the note was executed and delivered to him and he gave his check to Long for money. After the maturity of the note it was found in his hands and he then disposed of it to the plaintiff below. If the jury should find that the note was given under the circumstances claimed by the defendants below, and taken up by Grant when it matured, then the plaintiff below took it subject to all the equities which had attached to it while in the hands of Grant, and there was a good defence. Bower v. Hastings et al., 12 Casey 185 ; Wilson v. Mechanics' Saving Bank, 9 Wright 488.

Judgment reversed, and a venire facias de novo awarded.